Saleh v. Lynch

BIA
A091 317 588

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of December, two thousand fifteen.

PRESENT:
  BARRINGTON D. PARKER,
  PETER W. HALL,
  GERARD E. LYNCH,
   *Circuit Judges*.

_____

HASSAN AHMED SALEH,
  *Petitioner*,

  v.            12-3509
               NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
  *Respondent*.

_____

FOR PETITIONER:  Shahla Khan, New York, N.Y.

FOR RESPONDENT:  Stuart F. Delery, Assistant Attorney General; Shelley R. Goad, Assistant Director; Tim Ramnitz, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of decisions of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED in part and DENIED in part.

Hassan Ahmed Saleh, a native and citizen of Yemen, seeks review of the March 26, 2012, and August 9, 2012, decisions of the BIA denying his third motion to reopen immigration proceedings and a subsequent combined motion for reconsideration and reopening, respectively. *In re Hassan Ahmed Saleh*, No. A091 317 588 (B.I.A. Mar. 26, 2012; Aug. 9, 2012). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We dismiss the petition to the extent it challenges the BIA's March 26, 2012, decision. We lack jurisdiction to review that decision because the petition for review was not timely filed from that decision. *See* 8 U.S.C. § 1252(b)(1) (setting forth 30-day deadline for filing a petition for review).

We deny the petition as to the August 9, 2012 decision. A motion to reconsider must specify errors of fact or law in the BIA's decision and be supported with pertinent authority. *See* 8 U.S.C. § 1229a(c)(6)(C); 8 C.F.R. § 1003.2(b)(1); *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265

2

F.3d 83, 90 (2d Cir. 2001).  In his motion to reconsider, Saleh identified no facts or law that the BIA had overlooked in denying his third motion to reopen.  Therefore, the BIA did not abuse its discretion in denying the motion.  *See Ke Zhen Zhao*, 265 F.3d at 90 (providing that a motion to reconsider must identify the errors of fact or law in the BIA's decision).

Saleh only objected to the BIA's determination that his unauthenticated evidence was insufficient to establish changed country conditions.  As the BIA found, the letter Saleh submitted with the third motion to reopen was not notarized and discussed a feud that began in 1995.  Therefore, it did not support a finding that conditions in Yemen had worsened since Saleh's 2001 merits hearing, as would be needed to excuse the time and number limitations on his motion to reopen.  *See* 8 U.S.C. § 1229a(c)(7)(A), (C); *Matter of H-L-H & Z-Y-Z*, 25 I. & N. Dec. 209, 215 (B.I.A. 2010) (giving diminished evidentiary weight to letters from relatives because they were "interested witnesses who were not subject to cross-examination"), *rev'd on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315,

342 (2d Cir. 2006) (noting that the weight accorded to the applicant's evidence lies largely within the discretion of the agency).

Moreover, because Saleh's final motion relied on new evidence, the BIA also construed the motion as a fourth motion to reopen. The BIA did not abuse its discretion in denying reopening; the March 2012 letter purportedly from Saleh's cousin was not signed or notarized, and gave no assurance of the author's identity. *See Matter of H-L-H & Z-Y-Z*, 25 I. & N. Dec. at 215; *see also Xiao Ji Chen*, 471 F.3d at 342. Additionally, this letter discussed an ongoing feud between the Saleh and Alaaraj families and thus did not show any *change* in conditions in Yemen. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii).

Finally, although Saleh argues that the BIA overlooked a country conditions report on Yemen with respect to the danger his family would face due to Islamic fundamentalism and anti-American bias in Yemen, Saleh did not raise any arguments before the BIA regarding these alleged country conditions. Therefore, the arguments have not been preserved for review. *See Foster v. INS*, 376 F.3d 75, 78 (2d Cir. 2004).

4

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part.

In addition, the pending motion for remand filed on March 24, 2015 is DENIED as any new evidence or request for a new form of relief should be presented to the BIA through a motion to reopen.  *See Xiao Xing Ni v. Gonazles*, 494 F.3d 260, 269 (2d Cir. 2007).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
